**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JUAN CARLOS GARCIA,**

**Plaintiff,**

**v.** **CASE NO. 12-3095-SAC**

**MARILYN M. TRUBEY,**
**et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

This civil complaint was filed pursuant to 42 U.S.C. § 1983 by Juan Carlos Garcia, an inmate of the Dalby Correctional Facility, Post, Texas.[1] Mr. Garcia seeks the return of property seized during a criminal investigation on June 13, 2007, as well as recovery for damage to his homes and vehicles during the search. He asserts that the seized property was forfeited without notice. Plaintiff is required to satisfy the filing fee and to show cause why this action should not be dismissed on several grounds including failure to state a federal constitutional claim against the defendants and expiration of the statute of limitations.

[1] Plaintiff has recently filed four civil complaints in this court. In three he refers to himself as Garcia Roman, but in the fourth he calls himself Garcia. In his 2007 criminal case he is referred to as Garcia, while in his 2010 case he is referred to as Garcia Roman. The clerk is directed to list all these cases under both names to ensure accuracy of records relating to this person. The court refers to plaintiff as Mr. Garcia in his currently pending cases. In his petition to enter plea, Mr. Garcia stated that his "full true name is Juan Carlos Garcia." U.S. v. Garcia, 07-40069-01-SAC (Doc. 87)(D.Kan. February 20, 2008).

**FILING FEE**

The statutory fee for filing a civil action in federal court is $350.00. Mr. Garcia has not paid this fee. Nor has he submitted a motion for leave to proceed without prepayment of fees. This action may not proceed unless and until plaintiff satisfies the filing fee in one of these two ways.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion together with an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under § 1915, and plaintiff is required to utilize these forms if he submits such a motion. If plaintiff does not satisfy the filing fee by either paying the full fee or submitting a properly supported motion within the time allotted, this action may be dismissed without prejudice and without further notice.

Mr. Garcia is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full $350.00 fee for each civil case that he files in federal court. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as

authorized by § 1915(b)(2).[2]

**FACTUAL BACKGROUND AND CLAIMS**

Plaintiff filed this lawsuit on forms for an action pursuant to 42 U.S.C. § 1983. However, he asserts that 18 U.S.C. § 983(e)[3] give this court jurisdiction, which provides for challenges to civil forfeitures on lack of notice grounds. The following allegations by plaintiff do not present a clear factual background. In 2008, after his arrest on federal charges in 2007, plaintiff's property was the "subject of a federal judicial forfeiture proceeding."[4] "The U.S. did not proceed with judicial forfeiture pursuant to 21 U.S.C. § 853 of the specific property seized" from plaintiff. The U.S. failed to follow 18 U.S.C. §§ 981(a)(1)(c), 983, and 985, 21 U.S.C. § 853, and 28 U.S.C. §

---

[2] If plaintiff files a motion for leave that is granted, then the Finance Office of the facility where he is currently confined will be authorized pursuant to § 1915(b)(2) to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

[3] Plaintiff does not provide the content of this provision or explain how it establishes jurisdiction. 18 U.S.C. § 983 contains the "general rules for civil forfeiture proceedings." Subsection (e) "Motion to set aside forfeiture" pertinently provides: "Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted" under the circumstances set forth therein." Subsection (f)(5) provides that "a motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." Plaintiff does not allege that he filed a "motion to set aside forfeiture," in the court that conducted a forfeiture proceeding.

[4] Plaintiff baldly refers to this judicial forfeiture proceeding as "federal". However, he alleges no facts indicating that the search and seizure of which he complains was done at the direction of federal authorities or in connection with his federal criminal prosecution. Nor does he allege facts showing that the property in question was the subject of a forfeiture proceeding conducted in federal court.

2461(c).[5] Plaintiff was not given notice of forfeiture or of "forfeiture proceedings," there is no proof that he received notice, he did not sign any notice, he was not given paperwork outlining the forfeiture process, and was not sent a copy of the "property executed forfeiture." "The U.S. failed to publish for 30 consecutive days on the government's forfeiture, notice of the court's order and the U.S. intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n)[6] and Rule G(4)." The property was seized from plaintiff's residences at the time they were searched and consisted of jewelry, electronic items, titles to property, and computers. Plaintiff also claims there was damage to his "houses and vehicles," which he has "informally calculated" as in the amount of $25,000.

The court takes judicial notice of the case files in United States v. Juan Carlos Garcia Roman, No. 10-10065-01-MLB (hereinafter 2010 case) and United States v. Juan Carlos Garcia, No. 07-40069-01-MLB (hereinafter 2007 case). Orders entered in these criminal cases together with plaintiff's allegations and

---

[5] Again, plaintiff fails to describe the content of these statutes and explain how defendants violated each provision. 18 U.S.C. §§ 983, 985, and 981(a)(1)(c) relate to civil forfeiture. 21 U.S.C. § 853 governs criminal forfeitures. 28 U.S.C. § 2461(c) provides that if a person is criminally charged with a violation for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment and, if the defendant is convicted, the court "shall order the forfeiture of the property as part of the sentence."

[6] Plaintiff does not provide the pertinent wording of this statute and explain how it was applied by defendants in his case. 21 U.S.C. § 853 provides for notice to persons who may have a third party interest in the property. The court is not aware of a Rule G(4), and plaintiff does not hint at its source or content.

exhibit and the opinion of the Tenth Circuit in U.S. v. Garcia-Roman, 2012 WL 1130646, *1 (10th Cir. Apr. 5, 2012) provide the following additional factual background.

The file in Garcia's 2007 criminal case shows that he was arrested in June 2007. In July 2008, he pled guilty and was sentenced to time served, and it was noted that he was subject to an ICE detainer. Id. (Doc. 115).

On August 4, 2008, defense attorney Trubey filed a Motion for Return of Property (Doc. 116) on behalf of Mr. Garcia in his 2007 case pursuant to Fed.R.Crim.P. 41(g) seeking an order directing the government to "return all non-contraband items of property which were seized from Mr. Garcia." In support of this motion, it was stated that "a number of personal items were seized from the vehicle Mr. Garcia was driving on May 3, 2007, from his person, and from his home" that were not contraband. The items were said to include but not be limited to: (1) ownership documents for horses, (2) Play Station system and games, (3) plasma television, (4),(5) gold jewelry, (6) papers and photographs, (7) two wallets and (8) two cell phones. The government filed a "Response to Motion for Property Return" (Doc. 118), in which it reported, from inquiries it made, that items (2)-(5) and (8) "were sold by the Kansas Department of Revenue for non-payment of Kansas Drug Tax Stamps;" items "held by the Barton County Sheriff's Department and the KBI were destroyed, including some documents and a cell phone;" and the only other agency with some of Garcia's documents was the Great Bend Police Department, which the

government had no objection to "those items being forwarded to Trubey. On August 20, 2008, counsel for Garcia and counsel for the government took part in a phone conference before the court, which was transcribed. The transcript of this hearing reflects that defense counsel Trubey stated she had "received on Mr. Garcia's behalf his wallet and certain documents," and had been informed that "the other items that were requested in our motion either were never in the custody of law enforcement or have been sold to pay the . . . state drug tax or have been returned to his family." Id. (Doc. 177-1) at 2. She also stated, "So, we are satisfied with that response." The courtroom minute sheet (Doc. 121) indicates that the court heard statements of counsel, the defendant was "satisfied," and government counsel was to prepare an order.

On August 22, 2008, Mr. Garcia was deported to Mexico. See U.S. v. Garcia-Roman, 10-mj-06048-DWB-1, Complaint (Doc. 1) at 3 (4/13/2010). In his 2010 case, Mr. Garcia pled guilty in federal court to reentry after deportation and admitted to violation of his supervised release in his 2007 case. The federal district court sentenced him to forty-six months of incarceration on the unlawful reentry conviction, and a consecutive eight-month sentence for the supervised release violation, for a total term of fifty-four months.

In August 2011, Mr. Garcia filed a pro se motion in his 2007 case seeking an order citing the government for contempt "for failing to return personal items such as jewels to defendant." 2007 Case (Doc. 166). In November 2011, he filed a pro se Motion

for Court Order Compelling Production of Defendant's Property (Doc. 170) pursuant to Fed.R.Crim.P. 41(g) and requiring the U.S. Attorney's Office to turn over "the property seized during the executio of his arrest." He cited 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c), and Fed.R.Crim.P. 32.2.[7] The property was described as "several electric items, jewels and legal documents." The court was asked to enter judgment against the government for "the amount of the price of the property seized."

The government obtained a transcript of Garcia's prior 41(g) hearing and filed a Response (Doc. 177) with that transcript attached. They alleged that a "virtually identical motion" had been filed in the case on August 4, 2008, the court heard the motion, and "defendant, through his lawyer, told the court he was satisfied with the government's response that the property in question had been properly disposed of." The government acknowledged that no order had been prepared, which was why none appeared in the record. They argued that the motion was repetitive and should be denied. In addition, they argued that if defendant had disagreed with the court's ruling on his prior 41(g) motion, he could have filed a motion for reconsideration or a notice of

[7] Garcia's allegations in support of this motion, including the following, are not at all clear. "On June 13, 2007, an indictment was returned," which did not seek forfeiture to the United States of "certain property pursuant to" cited sections. On February 20, 2008, a guilty plea was entered to a few counts of the indictment "thereby failing to make certain property subject to forfeiture pursuant to the law." "Defendant did not waive his right to have the forfeiture allegations in the indictment considered by the plea." The parties did not agree that the court would decide whether certain property belonging to defendant was subject to forfeiture to the U.S. The United States failed, before or at sentencing to request that the court enter a preliminary order of forfeiture against defendant for a judgment of personal property seized during execution of the search warrant of his residences.

appeal. They further argued that Mr. Garcia' motion failed under Rule 41(g) because he had not shown irreparable harm and inadequate remedy at law. On December 15, 2011, the judge entered a brief order (Doc. 178) denying this motion "for the reasons set forth in the government's (response)," referencing Doc. 177. Mr. Garcia filed a notice of appeal of this Order in the Tenth Circuit Court of Appeals (Doc. 179). The appeal was dismissed on May 3, 2012 (Doc. 184), on account of Garcia's failure to prosecute.

Mr. Garcia is currently in federal custody with a projected date of removal to Mexico of March 2014.

The court is asked to order the named defendants to return his property, pay him $25,000, and pay for the costs of this action including attorney fees.

Plaintiff alleges that he has not begun any other lawsuits in state or federal court dealing with the same facts as in this action. In response to the question on his form complaint regarding administrative remedies, plaintiff alleges that he filed a motion for return of property with the district court that was denied and "a complaint with the State Bar seeking reimbursement."

**SCREENING**

Because Mr. Garcia is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. §

1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(citation omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**DISCUSSION**

The defendants named by plaintiff are Assistant Public Defender Marilyn Trubey, Garcia's appointed defense counsel and Assistant United States Attorney (AUSA) Brent Anderson, a prosecutor in Garcia's 2007 federal criminal case. Plaintiff

alleges that Trubey was acting under color of state law and "is an attorney who was enforcing state and federal law at the time he committed the offense." He alleges that Anderson was also acting under color of state law and "was proceeding (sic) a forfeiture in the State of Kansas, therefore, should be at least relying on State law."

The court finds that these two defendants are generally not amenable to suit for money damages under 42 U.S.C. § 1983 or 28 U.S.C. § 1331.[8] "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citations omitted); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Contrary to plaintiff's allegation, a public defender is generally held not to have acted under color of state law. In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law under § 1983, the statutory counterpart to a Bivens claim, when performing the traditional functions of defendant's counsel during a criminal

---

[8] Plaintiff's constitutional claims, if any, might be construed as brought under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), because Mr. Garcia is a federal prisoner. To state a claim under Bivens, a plaintiff must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See, e.g., Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978).

proceeding. The holding in Polk County applies equally to federal public defenders. See, e.g., Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982)(affirming dismissal of Bivens action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"); Richards v. Flynn, 263 Fed.Appx. 496 (7th Cir. 2008)(unpublished and cited for legal reasoning only)(affirming sua sponte dismissal of Bivens action for legal malpractice brought against assistant federal defender because criminal defense attorney does not act under color of federal law and assignment of a strike). Accordingly, plaintiff's claims against defendant Trubey appear to be legally frivolous.

Federal prosecutors are entitled to absolute immunity in § 1983 and Bivens-type suits for activities within the scope of their prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409, 418-19, 420-24 (1976)(A prosecutor, acting within the scope of his or her duties, has absolute immunity from liability for damages under § 1983); see also Butz v. Economou, 438 U.S. 478, 504 (1978); Nielander v. Board of County Com'rs of County of Republic, Kan., 582 F.3d 1155, 1164 (10th Cir. 2009). Mr. Garcia describes no acts or omissions by defendant AUSA Anderson that were not "intimately associated with the judicial process." See Snell v. Tunnell, 920

F.2d 673, 686 (10th Cir. 1990), cert. denied, 499 U.S. 976 (1991)(quoting Imbler, 424 U.S. at 430). It follows that plaintiff's claims against defendant Anderson are legally frivolous.

Even if the two named defendants could be sued here for money damages or injunctive relief, plaintiff does not allege sufficient facts to show their personal participation in the alleged unconstitutional acts, which is an essential element of his claims. He does not allege that either defendant ever possessed or had control over the property in question.[9] Nor does he describe acts by either defendant indicating that she or he actually caused the seizure or forfeiture of his property. Moreover, plaintiff does not allege the personal participation of either defendant in acts that allegedly caused property damage during the searches of his residences and automobile.

Furthermore, the order of the federal district court in Mr. Garcia's 2007 criminal case denying his 41(g) motion for return of seized property precludes him from relitigating his claims before this federal district court.[10] Garcia's 41(g) motion was considered

---

[9] Plaintiff does not allege facts indicating that the property he seeks to recover was ever turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law. There are "some limited circumstances in which Rule 41(g) can be used" to seek return of property seized by state authorities. "Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity." U.S. v. Copeman, 458 F.3d 1070, 1071 (10th Cir. 2006). None of these circumstances is alleged in this case.

[10] "It is well established that a court may raise the issue of preclusion on its own motion in appropriate cases." See Burrell v. Armijo, 456 F.3d 1159, 1176 (10th Cir. 2006), cert. denied, 549 U.S. 1167 (2007)(citing cases); see also United States v. Hauk, 412 F.3d 1179, 1185 (10th Cir. 2005).

and denied. He failed to appeal the denial. He later filed a second Rule 41(g) motion regarding this property, which was denied as repetitive. He failed to prosecute his appeal of this ruling.

In addition, plaintiff fails to state a claim of constitutional deprivation. Nowhere in his complaint does he even assert the violation of a constitutional right. Instead, he claims that the government failed to adhere to federal forfeiture statutes. Even if the court liberally construed his allegations as a claim of deprivation of property without due process, he fails to state a federal constitutional claim. It is clear from plaintiff's allegations, exhibits, and the records in his criminal cases that he was afforded due process with regard to the federal government's alleged taking of property in connection with his 2007 federal criminal case. He was informed in his Rule 41(g) proceeding that the property he sought was not in the custody of federal authorities.[11]

If Mr. Garcia's property was improperly taken and held or disposed of by state or local authorities acting only upon their own authority, he likewise fails to state a federal constitutional claim. As Mr. Garcia has been informed in his other pending cases,

---

[11] In the government's response to plaintiff's first Rule 41(g) motion, the judge and defendant's counsel were advised that several items were sold by the Kansas Department of Revenue, items held by the Barton County Sheriff's Department and the K.B.I. were destroyed, and that the Great Bend Police Department held some of defendant's documents. In his 2007 case, Doc. 77 is the transcript of a hearing on his motion to suppress evidence seized in searches. This motion concerned drugs, drug buy money, scales, and packing materials; not the personal property sought in the instant action. The transcript includes testimony of a KBI special agent who had been involved in a years-long investigation of Garcia in Great Bend and had provided probable cause in affidavits to the issuing magistrate in order to obtain search warrants.

Kansas clearly provides adequate post-deprivation remedies to persons who believe they have suffered a tortious loss at the hands of state or local officials, and where the State provides an adequate remedy, that remedy itself constitutes the due process required by the Fourteenth Amendment. Plaintiff's allegations indicate that he has not utilized the state court remedies that are available.[12] They in no way suggest that the available state-court remedies are ineffective. The court finds no other fact allegations in the complaint, which liberally construed, amount to a federal constitutional violation under 42 U.S.C. § 1983.

Finally, the court notes that according to plaintiff's allegations in the complaint, the alleged property deprivations and damages for which he seeks compensation occurred in May 2007. These claims, whether considered under Bivens or the FTCA, are barred by the applicable two-year statute of limitations.

In sum, the court finds that the named defendants are not amenable to suit herein, and that plaintiff fails to allege sufficient facts to state a federal constitutional claim for reasons including that adequate post-deprivation remedies were available. The court concludes that plaintiff's complaint does not include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 544.

Plaintiff is given time to show cause why this action

[12] Plaintiff does not show that he filed a motion in the state district court that issued the seizure warrant for return of property seized or any motion in the state district court in which state forfeiture proceedings may have been conducted. He does not allege that he has filed any sort of tort claim in state court, and instead alleges that he has filed no state action.

should not be dismissed for all the reasons stated herein. If he fails to show good cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days from the date of this Order in which to either pay the $350.00 filing fee in full or submit a properly supported motion to proceed without prepayment of fees upon court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for all the reasons stated herein including failure to state a federal constitutional claim.

The clerk is directed to send plaintiff forms for filing a motion to proceed without prepayment of fees together with a copy of this Order, and to record this case under plaintiff's name as Garcia and as Roman Garcia.

**IT IS SO ORDERED.**

Dated this 5th day of June, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge